FILED
OCT 28 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Justin King Bey,

Plaintiff,

v.

Washington County Sheriff's Office *et al.*,

Defendants.

Civil Action No. 13-1687

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Albany, New York, suing Magistrate Stan L. Pritzer of the Washington County Supreme Court in Fort Edward, New York, as well as other court officers and the Sheriff's Office there. In addition, plaintiff sues the State of New York and Governor Andrew M. Cuomo. The complaint stems from alleged court proceedings in which plaintiff refused to participate without first obtaining, among other documents, the oath of office of Support Magistrate Donald H. Clark, Jr., also a named defendant, and "the insurance bond for him." *See* Compl. at 9, ¶¶ 2-19. Following Clark's continuances of plaintiff's proceedings, plaintiff appeared before Pritzer who allegedly "began to mock [his] situation by saying . . . '[y]ou continue to ask for things that make no sense.' " *Id.* ¶ 20. Plaintiff, an "Indigenous



N

3

Moorish American National," alleges that he was "then" sentenced to 15 days' imprisonment "for a debt, . . . assaulted and kidnapped by the Washington County Sheriff's Department[,] brought to Washington County Jail," and "forced . . . to identify [himself] as an artificial person with a Social Security Number." *Id.* ¶¶ 22-24. Plaintiff further alleges that "[t]hey then took my possessions from me, then dressed and treated me like a slave." *Id.* ¶ 24. The complaint, styled as a "Tort Claim," *id.* at 9, continues in this manner and concludes with a demand for monetary damages from each defendant, the most totaling $3.1 million from the State of New York. *See* Compl. at 29-30.

The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). The complaint reveals no basis for this Court to exercise jurisdiction over the State of New York and Governor Cuomo in his official capacity.

As for the remaining defendants, plaintiff has alleged no credible facts to bring the complaint within the court's "federal question" jurisdiction, *see* 28 U.S.C. § 1331, and has

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

indeed styled the complaint as a tort action. Since plaintiff and the defendants reside in New York, diversity jurisdiction is also lacking. *See* 28 U.S.C. § 1332 (requiring the matter in controversy to exceed $75,000 and to be between citizens of different states). Furthermore, the law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if [as here] they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).[1] A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: October 18th, 2013

[1] Absent a jurisdictional bar, the complaint against the judicial officers is subject to dismissal for failure to state a claim upon which relief can be granted since it is predicated on their decisions made during court proceedings. "Judges [and other officials performing judicial tasks] enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citing *Mirales v. Waco*, 502 U.S. 9, 11-12 (1991)); *see Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) ("The district court properly concluded that appellants cannot state a claim for relief because the judges named as defendants are immune from suit) (citing *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006)) (other citation omitted).